[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10350
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2010
JOHN LEY
CLERK

Agency No. A099-548-180

ARMANDO ANTONIO MAGUINA BALDOVINO,
DAGHMAR ARACELIS CAMPERO SANABRIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 30, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Armando Maguina Baldovino and his wife, Daghmar Aracelis Campero Sanabria, natives and citizens of Venezuela, petition for review of the decision of the Board of Immigration Appeals that affirmed the denial of Maguina's application for asylum, withholding of removal, and relief under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(b), 1231(b)(3); 8 C.F.R. § 208.16(c). The Board of Immigration Appeals and the immigration judge denied Maguina's application for asylum as untimely and found that he had failed to establish past persecution or a probability of future persecution. We dismiss in part and deny in part the petition.

We are without authority to address three matters. Maguina and his wife do not challenge the finding that their application for asylum was untimely, and we lack jurisdiction to review that decision. See Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). We also lack jurisdiction to consider Maguina's application for relief under the Convention because he did not exhaust his administrative remedies after he was denied relief by the immigration judge. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). Because only a claim for withholding of removal remains and the regulations do not provide for derivative benefits, we also deny the petition of Maguina's wife. See Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007).

Substantial evidence supports the finding that Maguina failed to establish that he suffered past persecution. See Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). Maguina testified that he received two telephone calls in 2002 from members of the Bolivarian Circles who threatened to kill him because he participated in the Movement Toward Socialism, a political party that opposed Hugo Chavez. The calls amounted to harassment, not persecution. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). Maguina also testified about being thrown to the ground, kicked, and hit by two men that Maguina believed to be members of the Bolivarian Circles, but Maguina testified that his injuries did not require medical attention. See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1353 (11th Cir. 2009) ("Minor physical abuse . . . do[es] not amount to persecution.").

Substantial evidence also supports the finding that Maguina's fear of future persecution is not well-founded. Maguina argues that he will be persecuted for his past political activities, but Maguina testified that he ceased his activities with the Movement after he received the second threatening telephone call and the record does not compel a conclusion that the Bolivarian Circles "retains an inclination to single [Maguina] out." Sepulveda, 401 F.3d at 1231–32. Articles published by the Bureau of Democracy, Human Rights and Labor state that the political

3

influence of the Bolivarian Circles has waned and the Chavez government has not pursued the persecution of its opponents. Maguina also left family members in Venezuela who have not been threatened or harmed. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006). Maguina complains about the inability of the government to "control narco-terrorists," but Maguina is not entitled to withholding of removal based on fears of general violence within Venezuela. See Perlera-Escobar v. Exec. Office for Immigr., 894 F.2d 1292, 1297 (11th Cir. 1990). Maguina also contends that he faces future persecution because Ricardo Lopez, a fellow party member, was murdered when he returned to Venezuela in 2005, but the record does not compel a conclusion that Lopez was killed on account of his political activities.

We **DISMISS** the petition for review of the denial of asylum and relief under the Convention and **DENY** the petition for review of the denial of withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART**.